UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IVETTE DEL SOCORRO
MIRANDA TALAVERA,

                Petitioner,

       v.

MARKWAYNE MULLIN, et al.,

               Respondents.

Case No. 5:26-cv-01582-SSC

MEMORANDUM AND ORDER

Petitioner is a noncitizen seeking asylum in the United States and was previously detained and released on humanitarian parole.  She brings this habeas petition challenging her re-detention without notice or a pre-deprivation hearing as violating the Due Process Clause, as well as statutory and regulatory requirements.  Because Respondents have not addressed the petition's claims, and a conditional order of release is most appropriate here, the Court GRANTS the petition and orders Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days.

**I**

On April 1, 2026, Petitioner Ivette Del Socorro Miranda Talavera filed a petition for writ of habeas corpus by person in federal custody

pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] detained by Immigration and Customs Enforcement (ICE) at Adelanto Detention Center in Adelanto, California.[2]  (*Id.* at 2–3, 9; ECF 1-1 at 4.)

The petition alleges the following facts.  Petitioner was initially detained by immigration authorities on December 16, 2022, when she entered the United States at the Mexican border at or near Hidalgo, Texas.  (ECF 1 at 8.)  She was released from custody on or about December 18, 2022, and was told to report to immigration authorities.  (*Id.*)  She reported as required.  (*Id.*)  She was paroled to seek asylum, which she applied for, and which is pending.  (*Id.*)  She received employment authorization.  (*Id.*)

On December 16, 2025, Petitioner was detained by immigration authorities and placed in removal proceedings.  (*Id.* at 8–9.)  She was charged with having entered the United States without inspection. 8 U.S.C. § 1182(a)(6)(A)(i).  (*Id.* at 9.)  She was not given any reasons for her re-detention and there were no changes in circumstances that warranted re-detention.  (*Id.*)  Petitioner was served with a Notice to Appear initiating removal proceedings.  (*Id.*)

Petitioner names as Respondents: (1) Markwayne Mullin, in his official capacity as the Secretary of the Department of Homeland Security (DHS); (2) Todd Lyons, in his official capacity as the Acting Director of ICE; (3) Pamela Bondi, in her official capacity as the

---

[1] Petitioner is a citizen of Nicaragua.  (ECF 1 at 8.)

[2] According to the U.S. Immigration and Customs Enforcement's online detainee locator, Petitioner is currently in ICE detention at the Adelanto Detention Facility.  *See* U.S. Immigration and Customs Enforcement Online Detainee Locator System, Dep't Homeland Sec., https://locator.ice.gov/odls/#/search (last visited May 6, 2026) (search A-number "246420300" and "Nicaragua").

Attorney General of the United States; (4) Andre Quinones, in his official capacity as Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations; and (5) Fereti Semaia, in his official capacity as the warden of Adelanto Detention Facility.  (*Id.* at 1, 3.)

Petitioner claims violations of the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1182(d)(5)(A), and 8 C.F.R. § 212.5(e).  (*Id.* at 9–12.) The petition requests that the Court: (1) declare that Petitioners' re-detention is unlawful; (2) order Petitioner's immediate release from custody and reinstatement of her parole pursuant to the terms of her prior reporting requirements; (3) order that Petitioner may not be re-detained without proper notice of the reasons that form the basis for revocation of parole; and (4) award attorney's fees and costs.[3]  (*Id.* at 12.)  In their answer, Respondents do not address the petition's claims, and instead state that Petitioner appears to be a *Maldenado Bautista* class member.  (ECF 11 at 2.)  That bond-eligible class is defined as: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1095 (C.D. Cal. 2025).  Respondents contend that

---

[3] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act (EAJA).  (ECF 1 at 16.)  To recover prevailing-party fees under the EAJA, counsel must file a separate motion for such fees within thirty days of final judgment in the action.  *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

3

consistent with the relief afforded to that class, to the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an immigration judge under 8 U.S.C. § 1226(a) within seven days.  (*Id.*)  When enforcing the judgment of that case through individual habeas petitions, courts have found that the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.  *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026).

Petitioner replied, asserting that she is not a member of the bond-eligible class in *Maldenado Bautista* and contending that immediate release is the proper remedy.  (ECF 12.)  The Court held a status conference on April 16, 2026, at which the parties reasserted their positions presented in the briefing.  (ECF 14.)  Thereafter the parties submitted a requested status update.  (ECF 15.)

## II

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1), (3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

Petitioner argues that the government's effective revocation of her parole and re-detention without notice or a pre-deprivation hearing before a neutral adjudicator violated the Fifth Amendment.  (ECF 1 at 10–12.)  Because Respondents identifies Petitioner as a *Maldenado Bautista* class member (ECF 11 at 2), the Court construes the § 2241 petition as unopposed as to providing Petitioner with the relief afforded to class members which is a bond hearing under the conditions described further below.  Although Petitioner seeks release, the facts and nature of the violation here militate in favor of a conditional order of release in the form of a bond hearing before an immigration judge.

Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases).  Further, prompt, post-deprivation process can cure certain pre-deprivation due process deficiencies.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"); *Aguilar v. Semaia*, No. 5:26-cv-00023-MCS-SSC, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing).

Accordingly, the Court exercises its discretion to issue a conditional order of release requiring a bond hearing as described below.  A neutral immigration judge can determine, on a more developed record, whether Respondents had the authority to re-detain Petitioner and whether Petitioner is entitled to bond.  If Petitioner is denied bond, she will be able to appeal that denial to the Board of Immigration Appeals.

**ORDER**

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **May 14, 2026**, she is provided with a bond hearing under 8 U.S.C. § 1226(a) at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings.

DATED: May 7, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE